■ MOTCUM, S. A., et al., Respondents-Appellants, v BANK OF THE WESTERN HEMISPHERE, LTD., et al., Appellants-Respondents.—Order of the Supreme Court, New York County, entered July 16, 1979, denying defendant's motion to dismiss the complaint and denying plaintiffs' motion for summary judgment, reversed, on the law, to grant plaintiff's motion for summary judgment against defendant Bank of the Western Hemisphere, Ltd., in the sum of $54,990, on its first cause of action, and to grant defendant's motion to dismiss the complaint as to the second cause of action, and otherwise affirmed, with costs. Plaintiffs and defendant Bank of the Western Hemisphere, Ltd. (Bank), entered into an agreement under the terms of which the Bank was to negotiate a loan, on plaintiffs' behalf, of $1,300,000 from Midland Credit Corp. (Midland). In return for its services, the Bank was to receive a commission of 8.4% or $109,980. The Bank insisted that one half the commission be paid "up-front". In accordance with the agreement, plaintiffs had four bank checks drawn, totaling $54,990, to the payees designated by Carlos Enriquez, the Bank's representative, and transmitted the checks to the Bank. It is undisputed that the Bank received the checks and negotiated them. The loan was never consummated and this action was brought. The complaint contains two causes of action. The first is to recoup the $54,990 paid to the Bank. The second cause is bottomed in conspiracy and seeks "treble damages", obviously the nomenclature selected by plaintiffs for assertion of a claim for punitive damages. Defendant contends that it received the checks together with some "10 pounds of * * * paper" and that it never was apprised of what it was supposed to do. It acknowledges that it never sought to contact Midland and asserts that Enriquez never had authority to enter into the agreement with plaintiffs. Moreover, it contends that there is nothing to show that plaintiffs were the source of the bank checks. It also points to a somewhat ambiguous letter from Enriquez to Sitnisky, plaintiffs' financial director, that should financial transactions eventuate with specified companies, including plaintiffs, Sitnisky would be assigned a percentage of the fee to be determined by the parties in each case. The affidavit of the Equadorian bank which issued the checks establishes conclusively that plaintiffs were the source of the funds upon the basis of which the checks were issued. The issue of Enriquez' authority is of little consequence inasmuch as defendant concedes that it received and negotiated the checks. Finally, whatever may have been the private arrangement between Enriquez and Sitnisky, it cannot affect the fact that the Bank received certain funds in return for which it was required to render specified services. Since it did not render the services, it is not entitled to retain the moneys paid to it. The allegations do not provide a basis for punitive damages. Accordingly, we dismiss plaintiffs' second cause of action. Concur—Fein, J. P., Sandler, Ross, Bloom and Carro, JJ.